USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 11/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NISHT UNZEREH INC.,

Plaintiff,

-v-

RESURRECTION POWER & LIVING BREAD MINISTRIES INTERNATIONAL NORTH BRONX NEW YORK INC., *et al.*,

Defendants.

1:25-cv-10700-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

The Court received a suggestion of bankruptcy as to Defendant Resurrection Power and Living Bread Ministries International North Bronx New York, Inc ("Debtor Defendant"). Dkt. No. 37. As a result, this case is automatically STAYED as to that defendant. *See* 11 U.S.C. § 362(a); *S.E.C. v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000) ("Section 362(a) of Title 11 of the United States Code stays the commencement or continuation of virtually all proceedings against a debtor, including enforcement of judgments, that were or could have been commenced before the debtor filed for bankruptcy.").

An action against a debtor's non-debtor co-defendants "is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). "[C]ourts will generally not extend the automatic stay of proceedings . . . to non-debtor co-defendants." *DeSouza v. PlusFunds Grp.*, Inc., No. 05 Civ. 5990 RCCJCF, 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006). However, the Second Circuit has recognized certain exceptions to that general rule, holding that "[t]he automatic stay can apply to non-debtors . . . when a claim against the

non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. Such claims include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . . ." *Id.*; *see also DeSouza*, 2006 WL 2168478, at *2 (noting the stay may be extended to non-debtor defendants in "unusual circumstances," such as "where failure to extend the stay would pose a serious threat to the debtors' reorganization efforts" (internal quotation marks and citations omitted)). "The question is whether the action against the non-debtor is sufficiently likely to have a 'material effect upon . . . reorganization effort[s],' that debtor protection requires an exception to the usual limited scope of the stay." *DeSouza*, 2006 WL 2168478, at *2 (quoting *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)).

Here, Plaintiff names as co-defendants City of New York Environmental Control Board, Criminal Court of the City of New York, Workers Compensation Board of New York State, New York State Department of Taxation & Finance, and City of New York Department of Finance ("Nominal Defendants"). The Nominal Defendants are named "by virtue of any unpaid fines, fees, judgments, or other, if any, which may constitute a lien upon the Property and which liens, if any, are subordinate to the lien of [Plaintiff's] mortgage sought to be foreclosed . . . ." Dkt. No. 1 ¶¶ 4–8. Plaintiff has moved for default judgment against Nominal Defendants "solely to remove subordinate liens and interest." Dkt. 34-21 at 18. The relief requested against Nominal Defendants is contingent on a finding of liability against Debtor Defendant. A judgment determining the priority of lien interests in the Debtor Defendant's property would also have a material effect upon the reorganization efforts of Debtor Defendant. Therefore, the stay is extended to Nominal Defendants as well. *See Federal National Mortgage Assoc. v. AZ 400 Herkimer LLC*, 24-CV-4569-EK, 2024 WL 4932749, at *1 (E.D.N.Y. Dec. 2, 2024) (administratively staying the case until the

bankruptcy case concluded because a "deficiency judgment" could not be adjudicated until the foreclosure action and sale concluded).

Plaintiff and Defendant Samuel K. Danso ("Guarantor Defendant") are directed to submit a joint letter to the Court regarding whether an extension of the stay to Guarantor Defendant is proper, no later than November 30, 2026.

The Clerk of Court is directed to note the stay of this action on the docket and to terminate the motion pending at Dkt. No. 34.

SO ORDERED.

Dated: November 24, 2026
New York, New York

GREGORY H. WOODS
United States District Judge